IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVIVSION

BMO HARRIS BANK N.A.                                              PLAINTIFF

v.                              No. 4:21-cv-617-DPM

TRIPLE LEASING, INC., an Arkansas
Corporation; TRIPLE HOLDINGS, INC.,
an Arkansas Corporation; TRIPLE
TRANSPORT, INC., a Texas Corporation;
and RODNEY KRUG, an individual and
citizen of Arkansas                                               DEFENDANTS

ORDER

1. BMO Harris Bank N.A. sues for breach of contract to collect the $308,159.67 that it loaned to Triple Leasing, Inc., in 2014. After more than nine months of trying to get good service on the Triple companies and Krug, BMO Harris served summonses and copies of the complaint on Angela Archer. The bank says that Archer is an authorized agent for service of process for each of the Triple companies. Krug is the owner of, and registered agent for, the companies. Archer is Krug's daughter, and service was made on her at the principal address for Triple Leasing, Inc., and Triple Holdings, Inc., in Judsonia. Triple Transport, Inc., is an out-of-state entity with (according to public records) an office in Midland, Texas. After service, BMO Harris stipulated to the dismissal of Krug, who now—at least from what the bank can gather—lives in Panama. Twenty-six days after service on

Archer, BMO Harris moved for an entry of default, which was entered by the Clerk on 5 May 2022. The bank moves for a default judgment. The Triple companies move to set aside the Clerk's default, to quash the summonses, and to dismiss the case without prejudice for failure to prosecute.

2. On this record, the Court cannot conclude that the bank's service on Archer was good service on the Triple companies. Archer's April 2020 social media posts advertising the sale of property owned by Triple Transport, Inc., are simply not enough to establish that she had the authority, express or implied, to accept service on behalf of that company or the other Triple companies. *Dodco, Inc. v. American Bonding Co.*, 7 F.3d 1387, 1388–89 (8th Cir. 1993). Archer says on her oath that she cannot accept service for any of the Triple companies. *Doc. 30-1 at 2.* The bank doesn't argue that service was good under Arkansas law, and the Court has no reason to believe that it was. The bank's motion for a default judgment is therefore denied.

3. The Triple companies have entered an appearance and moved to set aside the Clerk's default. Because the Court cannot conclude that good service was made, that slice of the motion is granted.

The Court, however, declines to quash the summonses or to dismiss the case. BMO Harris has made diligent efforts to serve the remaining defendants. The registered agent for—and, perhaps, the

only person authorized to receive service on behalf of—the Triple companies has left the country and cannot be located. For good cause shown, the Court will reopen and extend the time for service. FED. R. CIV. P. 4(m). BMO Harris has until 5 October 2022 to get good service.

At this point, the Court is doubtful that service could be made by mail as the bank suggests. Arkansas law requires service by mail on a corporation to be addressed and delivered to (or refused by) the corporation's registered agent. ARK. R. CIV. P. 4(g)(1). That is unlikely to happen here because Krug is out of pocket.

In this unusual circumstance, however, the Court would consider a timely motion for service on the Triple companies by warning order under Rule 4(g)(4) of the Arkansas Rules of Civil Procedure. In addition to strict compliance with Rule 4(g)(3)(A)-(D), the Court will require BMO Harris to support its motion with an affidavit stating that it has made a diligent inquiry as to Krug's whereabouts in Panama (and detailing all efforts in that inquiry) and that his Panamanian address remains unknown. If in its inquiry BMO Harris is able to confirm an address for Krug in Panama, then it must provide that address to the Court and explain why it is not possible to serve him with process under Rule 4(f) of the Federal Rules of Civil Procedure. The Court prefers personal service whenever possible, even if it is difficult or expensive, or both.

\* \* \*

BMO Harris's stipulation, *Doc. 25*, noted. The claims against Rodney Krug are dismissed without prejudice, and he is dismissed as a defendant. BMO Harris's motion, *Doc. 28*, is denied. The Triple companies' motion, *Doc. 30*, is granted in part and denied in part. The Clerk's default, *Doc. 27*, is set aside. The time for service is reopened and extended until 5 October 2022.

So Ordered.

*/s/ W.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

6 July 2022